JUDGE PHILIP MARTINEZ

**FILED**

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
Western District of Texas
El Paso Division

MAR 31 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

Lindsey Kent Springer
_____
Petitioner

v.

Rachel Chapa, Warden
_____
Respondent

(name of warden or authorized person having custody of petitioner)

# EP14CV0115

Case No. _____
(Supplied by Clerk of Court)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: Lindsey Kent Springer
    (b) Other names you have used: Lindsey K. Springer

2.  Place of confinement:
    (a) Name of institution: Federal Satellite Low - La Tuna
    (b) Address: Biggs Army Airfield - mailing address P.O. Box 6000
    physical El Paso, Texas        Anthony, New Mexico 88021
    (c) Your identification number: 02580-063

3.  Are you currently being held on orders by:
    ☒ Federal authorities    ☐ State authorities    ☒ Other - explain:
    Person conducting criminal proceedings not Northern District Judge

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
    (a) Name and location of court that sentenced you: Purportedly - Northern District
    of Oklahoma - Tulsa, Oklahoma - This is issue in This Petition
    (b) Docket number of criminal case: 09-CR-043
    (c) Date of sentencing: April 23, 2010 - entered April 28, 2010
    ☐ Being held on an immigration charge
    ☐ Other (explain): _____
    _____
    _____
    _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.  What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☒ Other (explain):  Stephen P. Friot did not hold Article III, §1 and 28 U.S.C § 133(a) judicial power to hold one of Four Northern District court judge offices.

6.  Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:  Northern District of Oklahoma, Tulsa Oklahoma - This is at issue in this Petition

(b) Docket number, case number, or opinion number:  09-CR-043 / 13-CV-145

(c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

All of Stephen P. Friot's orders and judgment in 09-CR-043 and his continued presence in my § 2255 pending due to his lack of Article III, §1 and 28 U.S.C § 133(a) judicial power.

(d) Date of the decision or action:  April 28, 2010 (and orders in § 2255 proceeding)

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:  Tenth Circuit

(2) Date of filing:  April 23, 2010 (NOA); January 3, 2011 (revised)

(3) Docket number, case number, or opinion number:  10-5055

(4) Result:  Affirmed

(5) Date of result:  October 26, 2011

(6) Issues raised: 1) Defendants committed no crime because there is no government entity outside Washington D.C. with lawful delegated power to collect taxes or enforce the internal revenue laws! (2) Paperwork Reduction Act precludes imposition of all penalties arising from convictions! (3) district court erred in denying motion to suppress; (4) The district court erred in

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

instructing jury to definition of gift; (5) court should have allowed
subpoenas to IRS and DOJ; (6) Petitioner did not waive 6th Amend
Counsel; (7) loss and enhancements not applied correctly; (8) convict-

(b) If you answered "No," explain why you did not appeal:  ion not classified as felony.

---

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:  Supreme Court of the United States

    (2) Date of filing:  March, 2012

    (3) Docket number, case number, or opinion number:  11-10096

    (4) Result:  discretionary review denied

    (5) Date of result:  June 4, 2012

    (6) Issues raised:  See attached sheets.

(b) If you answered "No," explain why you did not file a second appeal:

---

9.   **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☒ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal:   Not available in
Federal Criminal Cases

10.   **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☒ Yes          ☐ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☒ Yes          ☐ No

If "Yes," provide:

(1) Name of court:   Northern District of Oklahoma

(2) Case number:   13-CV-145

(3) Date of filing:   March 11, 2013

(4) Result:   dismissed in part / pending in part.

(5) Date of result:   March 4, 2014 / pending

(6) Issues raised:   See attached sheets!

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
conviction or sentence: I am being refused Article III, §1 and 28 U.S.C. § 133(a) district judge from Northern District of Oklahoma in my § 2255 proceeding. Out of District Judge refuses to disqualify or recused for lack of Article III, §1 and 28 U.S.C. § 133(a) judicial power and authority. Stephen P. Friot is acting in the Northern District now more than 5 years in a de facto office which he knows to be illegal and acts no validity can be attached. Norton v. Shelby County, 118 U.S. 425, 449 (1886)

11.     **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes      ☒ No

If "Yes," provide:

(a)     Date you were taken into immigration custody: _____

(b)     Date of the removal or reinstatement order: _____

(c)     Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)     Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

12.   **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues

raised in this petition?

☐ Yes      ☒ No   *Not post Judgment*

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution,

laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the

facts supporting each ground.

GROUND ONE:  *Stephen P. Friot has never been an Article III, § 1 and 28 U.S.C § 133(a) Northern District of Oklahoma Judge and his presence in the Northern District in 09-CR-043 and 13-CV-145 is Coram non judice, in a de facto office, in violation of Article II, § 2, Cl. 2, Article III, § 1, his orders and judgment in 09-CR-043 and 13-CV-145 is unlawful and void.*

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: Stephen P. Friot is not an Article III § 1 and 28 U.S.C § 133(a) district judge for the Northern District of Oklahoma. He has presided in my criminal case since March 31, 2009 through present day being assigned to my § 2255 proceeding. All four Northern District Judge offices have remained filled and active. The office he holds is de facto. He is preventing me from any meaningful consideration in the § 2255 proceedings. The April 28, 2010 judg-

(b) Did you present Ground One in all appeals that were available to you? ment signed by Stephen P.

☐ Yes          ☒ No          Friot is Coram Non Judice.

GROUND TWO: _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes          ☐ No

GROUND THREE: _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☐ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

_____

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes                    ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did

not:   I received ineffective appellate counsel, which have not been dismissed in the § 2255 proceeding, as well as the Tenth Circuit refused counsel to file an overlength brief, which also have not been dismissed in the § 2255 proceeding.

**Request for Relief**

15.  State exactly what you want the court to do:   I pray you find 28 U.S.C. § 2255 has proven inadequate and ineffective to address the merits that Stephen P. Friot has no Article III, § 1 and/or 28 U.S.C. § 133(a) judicial power within the Northern District of Oklahoma beetween March 31, 2009 through present day (April, 2014). I pray you find Stephen P. Friot was never and is not an Article III, § 1 and 28 U.S.C. § 133(a) district judge for the Northern District of Oklahoma between March 31, 2009 through present day (April, 2014) and that his judgment dated April 28, 2010, at present, is relied upon to deprive me of my liberty against my will, is coram non judice, and void; that Stephen P. Friot holds no de jure office in the Northern District of Oklahoma. I also pray an order be issued directing the immediate release of me from the custody of Respondent and the Bureau of Prison.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____ March 17, 2014 _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: March 17, 2014

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

Page 10 of 10

Case 4:09-cr-00043-SPF   Document 342-2   Filed in USDC ND/OK on 04/29/2010   Page 32 of 47
Case 4:09-cr-43   Document 337   Filed 04/28/2010   Page
Case 3:14-cv-00115-PRM   Document 1   Filed 03/31/14   Page 10 of 28

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| NORTHERN | District of | OKLA |
| --- | --- | --- |

UNITED STATES OF AMERICA

V.

LINDSEY KENT SPRINGER

**JUDGMENT IN A CRIMINA**

Case Number:        09-CR-043-001-SPF

USM Number:        02580-063

Lindsey Kent Springer, Pro Se
Robert Scott Williams, Standby Counsel
Defendant's Attorney

## THE DEFENDANT:

[] pleaded guilty to count(s) _____

[] pleaded nolo contendere to count(s) _____
which was accepted by the court.

[x] was found guilty on counts     One, Two, Three, Four, Five, and Six of the Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | 1/15/09 | 1 |
| 26 U.S.C. § 7201 | Tax Evasion | 1/15/09 | 2 |
| 26 U.S.C. § 7201 and 18 U.S.C. § 2 | Tax Evasion and Aiding and Abetting | 1/15/09 | 3 |
| 26 U.S.C. § 7201 and 18 U.S.C. § 2 | Tax Evasion and Aiding and Abetting | 1/15/09 | 4 |
| 26 U.S.C. § 7203 | Failure to File Tax Return (Misdemeanor) | 4/15/03 | 5 |
| 26 U.S.C. § 7203 | Failure to File Tax Return (Misdemeanor) | 4/15/05 | 6 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on count(s) _____

[] Count(s) _____ [] is  [] are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

April 23, 2010
Date of Imposition of Judgment

Signature of Judge

The Honorable Stephen P. Friot, U.S. District Judge
Name and Title of Judge

_april 28, 2010_
Date

Case 4:09-cr-00043-SPF    Document 342-2   Filed in USDC ND/OK on 04/28/2010   Page 33 of 47
Case 3:14-cv-00115-PRM   Document 4   Filed 09/04/14   Page 11 of 28
Case 4:09-cr-43    Document 337    Filed 04/28/2010    Page 2 of 6

AO 245B    (Rev. 09/08) Judgment in Criminal Case
              Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: | Lindsey Kent Springer |
| CASE NUMBER: | 09-CR-043-001-SPF |

Judgment — Page __2__ of __6__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:    180 months.  Said term consists of sixty months as to each of Counts One, Two, Three, and Four, and twelve months as to
each of Counts Five and Six.  The terms imposed as to Counts Four, Five, and Six shall run concurrently with each other and
with the terms imposed as to Counts One, Two, and Three.  The terms imposed as to Counts One, Two, and Three shall run
consecutively to each other.

[x]    The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be placed in a facility as close to Tulsa, Oklahoma, as possible.  The Court directs the Bureau
of Prisons not to incarcerate the defendant with his co-defendant, Oscar Amos Stilley (USM Number 10579-062).

[x]    The defendant is remanded to the custody of the United States Marshal.

[]    The defendant shall surrender to the United States Marshal for this district:

    []    at _____   []  a.m.   []   p.m.   on  _____ .

    []    as notified by the United States Marshal.

[]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    []    before 12 noon on  _____ .

    []    as notified by the United States Marshal.

    []    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on  _____   to  _____

at  _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| DEFENDANT: | Lindsey Kent Springer | Judgment—Page 3 of 6 |
| CASE NUMBER: | 09-CR-043-001-SPF | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : Three years. Said term consists of three years as to each of Counts One, Two, Three, and Four and one year as to Counts Five and Six. These terms of supervised release shall run concurrently, each with the others.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse, but authority to administer drug testing for cause is retained. (Check, if applicable.)

[x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prison, or any state sex offender registration agency in which he or she resides, works, or is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living).
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement (any objection to such notification shall be decided by the district court).
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

Case 4:09-cr-00043-SPF  Document 342-3  Filed in USDC ND/OK on 04/29/2013  Page 35 of 47
AO 245B    (Rev. 09/08) Judgment in a Criminal Case    Document 337    Filed 04/28/2010    Page 4 of 6
Sheet 3C — Supervised Release

| | Judgment—Page 4 of 6 |
|---|---|

DEFENDANT:        Lindsey Kent Springer
CASE NUMBER:    09-CR-043-001-SPF

# SPECIAL CONDITIONS OF SUPERVISION

1.    The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2.    The defendant shall abide by the "Special Financial Conditions" previously adopted by the Court, as follows:

  1.    The defendant shall maintain a checking account in the defendant's name and deposit into this account all income, monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.

  2.    The defendant shall not make application for any loan or enter into any credit arrangement, without first consulting with the probation officer.

  3.    The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give-away, or otherwise convey any asset, without first consulting with the probation officer.

  4.    If the defendant owns or maintains interest in any profit or nonprofit entity, you shall, upon request, surrender and/or make available for review, any and all documents and records of said profit or nonprofit entity to the probation officer.

  5.    The defendant shall, upon request of the probation officer, complete a personal financial affidavit and authorize release of any and all financial information, to include income and tax return records, by execution of a Release of Financial Information form, or by any other appropriate means.

3.    The defendant shall abide by the "Special Computer Restriction Conditions" previously adopted by the Court, as follows:

  1.    The defendant shall disclose all e-mail accounts, Internet connections and Internet connection devices, including screen names and passwords, to the probation officer; and shall immediately advise the probation officer of any changes in his or her e-mail accounts, connections, devices, or passwords.

  2.    The probation officer shall have authority to monitor all computer activity, to include all e-mail or Internet connections, to include but not limited to installation of remote monitoring software. Unless waived by the probation officer, the cost of remote monitoring software shall be paid by the defendant.

  3.    The defendant shall not access any on-line service using an alias, or access any on-line service using the Internet account, name, or designation of another person or entity; and report immediately to the probation officer access to any Internet site containing prohibited material.

  4.    The defendant is prohibited from using any form of encryption, cryptography, stenography, compression, password-protected files or other methods that limit access to, or change the appearance of, data and/or images.

  5.    The defendant is prohibited from altering or destroying records of computer use, including the use of software or functions designed to alter, clean or "wipe" computer media, block monitoring software, or restore a computer to a previous state.

  6.    If instructed, the defendant shall provide all personal and business telephone records and credit card statements to the probation officer

4.    While on supervision, the defendant shall cooperate with the IRS in preparing and filing true and correct income tax returns for any tax years since 1987 for which the defendant has not filed a tax return; cooperate with the IRS in civil proceedings to determine accurately his tax liabilities for the same years; establish a payment schedule with the IRS and pay all taxes, interest, and penalties owed in connection with his tax debt according to the payment schedule set by the IRS.

5.    The defendant shall not engage in any activity that would constitute the unauthorized or unlicensed practice of law, nor provide representation or services of any kind, advice, suggestions, or recommendations, whether paid or not, to any person or entity, public or private, other than immediate family members, with respect to any matter relating to federal or state taxation. The defendant will maintain no website that refers to any matter relating to federal or state taxation. The defendant will post no material of any kind on any website that refers to any matter relating to federal or state taxation. The defendant will not file, without the expressed written permission of the Probation Office, any civil action relating to federal income tax. Further, the defendant is prohibited from engaging in any activities in or under the name of Bondage Breakers Ministry.

6.    The defendant shall not work directly or indirectly in any business, profession, or self-employment engaged in the offer, sale, purchase, trade, brokering, solicitation, or similar transactions with respect to any real property, securities or negotiable instruments. The defendant will not engage in telemarketing activities, to include any telephone sales or other such business, campaign, venture, or transaction. The defendant shall maintain employment. All employment must be approved in advance by the Probation Officer. The defendant shall abide by electronic monitoring, curfew requirements, and travel restrictions.

7.    If instructed by the Probation Officer, the defendant shall provide originals or copies of all personal and business telephone phone records and all credit card, checking account and PayPal statements to the U.S. Probation Officer.

8.    The defendant shall report to the Probation Officer the particulars, as specified by the Probation Officer, of all transactions consummated with a check cashing service. These reports shall be made within 10 calendar days after completion of any such transaction. The defendant shall refrain from transacting business with any check cashing service if so directed by the Probation Officer.

9.    The defendant shall disclose all email accounts, Pay Pal accounts, internet connections and communication devises, to include all screen names and passwords. Your use of email, internet connections, or an internet connection service will be restricted and/or monitored by monitoring software and otherwise, with the costs of remote computer monitoring to be paid by the defendant. The defendant will be prohibited from accessing any on-line service using an alias or the internet account, name or designation or another person or entity. The defendant will be prohibited from altering or using any form of encryption or other methods that limit access to, or change, the appearance of data or images. The defendant will be prohibited from altering or destroying records of computer use.

Case 4:09-cr-00043-SPF   Document 349-2   Filed in USDC ND/OK on 04/28/2010   Page 36 of 47
AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties43    Document 337    Filed 04/28/2010    Page 5 of 6

DEFENDANT:          Lindsey Kent Springer
CASE NUMBER:        09-CR-043-001-SPF

Judgment — Page ___5___ of ___6___

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 450<br>(Counts One, Two, Three,<br>and Four $100 each; Counts<br>Five and Six $25 each) | $ N/A | $ 771,529 |

[]  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| IRS-RACS<br>Attention: Mail Stop 6261<br>Restitution<br>333 West Pershing Ave.<br>Kansas City, Missouri 64108 | | $ 691,343 | |
| Oklahoma Tax Commission<br>General Counsels Office<br>120 North Robinson<br>Suite 2000W<br>Oklahoma City, Oklahoma<br>73102<br>Attn: Marjorie Welch | | $ 80,186 | |
| **TOTALS** | $ 0 | $ 771,529 | |

[]  Restitution amount ordered pursuant to plea agreement  $ _____

[]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    []  the interest requirement is waived for the    []  fine   []  restitution.

    []  the interest requirement for the    []  fine   []  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | | Judgment — Page 6 of 6 |
|---|---|---|

DEFENDANT:          Lindsey Kent Springer
CASE NUMBER:     09-CR-043-001-SPF

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    []   Lump sum payment of $ _____ due immediately, balance due

        []   not later than _____ , or
        []   in accordance with  [] C,    [] D,    [] E, or    [] F below; or

B    []   Payment to begin immediately (may be combined with    [] C,    [] D, or    [] F below); or

C    []   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    []   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E    []   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [x]  Special instructions regarding the payment of criminal monetary penalties:

        Any criminal monetary penalty is due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% of income
        pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program while in prison. If a monetary balance remains,
        payment is to commence no later than 60 days following release from imprisonment to a term of supervised release in equal monthly
        payments of $100 or 10% of net income (take home pay),  whichever is greater, over the duration of the term of supervised release
        and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing
        shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this
        Judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[]    Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
      and corresponding payee, if appropriate.

[]    The defendant shall pay the cost of prosecution.
[]    The defendant shall pay the following court cost(s):
[]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,  )
  )
      Plaintiff/Respondent,  )
  )
vs.  )   Case No. 09-CR-0043-SPF
  )
LINDSEY KENT SPRINGER,  )
  )
      Defendant/Movant.  )

## <u>ORDER</u>

Mr. Springer moves to disqualify the undersigned. Doc. no. 538. He makes various arguments which challenge the undersigned's authority in this § 2255 matter and in the underlying criminal proceedings. See summary of arguments, doc. no. 538, p. 15. This court's order of March 4, 2014 has already rejected various jurisdictional arguments in which Mr. Springer challenges the undersigned's authority and the jurisdiction of the court. See, doc. no. 537, p. 8. Regardless, all of Mr. Springer's arguments for disqualification, whether construed as previously made or as made for the first time in this motion, are rejected on their merits. The motion is **DENIED**.

Dated this 5th day of March, 2014.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p117.wpd

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-0043-SPF |
| | ) | |
| LINDSEY K. SPRINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

## ORDER

Defendant Lindsey K. Springer moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Doc. nos. 472-475.  At this point, the court has before it the parties' first-stage arguments concerning which of Mr. Springer's 76[1] grounds for relief are procedurally barred and should therefore be dismissed without further consideration of the merits.  Order, doc. no. 478.   As a *pro se* plaintiff, Mr. Springer's pleadings are liberally construed.

### I.  General Considerations.

When the court established the two-stage briefing process, it set out authorities for the proposition that certain grounds raised in support of § 2255 relief are procedurally barred.  *See generally*, United States v. Frady, 456 U.S. 152, 165 (1982) ("we have long and consistently affirmed that a collateral challenge may not do service for an appeal"); United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) ("2255 motions are not available to test the legality of matters which should have been

---

[1]Although the government has grouped Mr. Springer's grounds into twenty categories, Mr. Springer objects to this grouping and the court has at all times considered Mr. Springer's grounds for relief individually.  When this order refers to a ground for relief by number, it uses the number assigned in the § 2255 motion, doc. no. 472.

raised on direct appeal"; "[a] defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed"; district court did not err in dismissing § 2255 motion as to claims previously considered and disposed of on direct appeal, citing <u>United States v. Prichard</u>, 875 F.2d 789, 791 (10th Cir. 1989), for the proposition that "absent intervening change in law of circuit, issues disposed of on direct appeal generally will not be considered in a §2255 collateral attack").

As the above authorities establish, the are exceptions to the procedural bar. *See*, <u>United States v. Cervini</u>, 379 F.3d 987, 990-91 (10th Cir. 2004) (failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review; the exceptions are if a defendant can show both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense; alternatively, if a defendant can demonstrate that failure to consider the federal claims will result in a fundamental miscarriage of justice, for example due to actual innocence, then the court may reach the merits of the claimed constitutional deficiencies despite the procedural bar). Mr. Springer argues that these exceptions apply to his § 2255 claims; before finding any grounds barred, the court has taken into consideration the argued-for exceptions.

## II. The Parties' Positions.

Applying the above-described doctrines, the government contends that the only grounds for §2255 relief which should survive to the second stage are Mr. Springer's challenge to the Tenth Circuit's page restrictions on the length of his appellate brief, and Mr. Springer's claims of ineffective assistance of appellate counsel.

Mr. Springer, on the other hand, contends that all 76 grounds should survive to the second stage. This order next addresses some of Mr. Springer's arguments.

### A. What Mr. Springer Refers to as
### The "Raised and Resolved" Issue.

Mr. Springer contends he raised a number of issues in his appeal but that the Tenth Circuit did not address them. Grounds raised in an appeal are not procedurally barred unless they were addressed and disposed of by the Tenth Circuit in the direct appeal. *See, e.g.*, United States v. Cook, 997 F.2d 1312, 1318 at n.6 (10th Cir. 1993) (court had "fully addressed" the allegation on direct appeal, deciding that issue adversely to the defendant; therefore, the issue was "not cognizable" under §2255).[2] Accordingly, one of Mr. Springer's primary arguments is that the government has not identified where the Tenth Circuit purportedly resolved certain grounds now asserted by Mr. Springer in support of §2255 relief, although the government identifies these grounds as having been raised by Mr. Springer in his direct appeal and argues that these grounds are procedurally barred on that basis.

The court has reviewed Mr. Springer's briefs filed in the direct appeal of his underlying criminal conviction, as well as the issues which the Tenth Circuit addressed and decided when it affirmed Mr. Springer's conviction in United States v. Springer, 444 Fed. Appx. 256 (10th Cir. 2011).[3] In that decision the Tenth Circuit stated that potential issues which were referenced in Mr. Springer's appellate briefs

---

[2]Cook cites United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989), which Cook paraphrases as holding that "absent intervening change in law of circuit, issues disposed of on direct appeal will not be considered on § 2255 collateral attack." To the extent that Mr. Springer argues there was an intervening change in the law of the circuit which would save grounds disposed of in the direct appeal, the court rejects that argument.

[3]United States v. Springer denies defendants' appeals numbered 10-5055 and 10-5057 in which Mr. Springer and defendant Oscar Amos Stilley, respectively, challenged their convictions and sentences.

-3-

in a passing, perfunctory or scattered way were "insufficient to invoke appellate review and, accordingly, those issues are deemed waived." *Id.* at n.4. The Tenth Circuit went on to individually treat and decide eight categories of issues which the court distilled from the issues that *had* been adequately raised by the defendants. *See, id.* at 260 (listing issues distilled from defendants' briefs). The Tenth Circuit also addressed and disposed of appeal number 10-5156, *id.* at 266-67 (Mr. Springer's challenge to the district court's denial of his petition for a writ of error *corum noblis*); and appeal number 11-5053, *id.* at 267 (Mr. Springer's motion for a new trial and evidentiary hearing based on claims of newly discovered evidence to support his motion to suppress). United States v. Springer resolved all adequately raised issues in the direct appeal, and all post-trial motions, against the defendants.

Given the above-described background, this court is not presented with a situation in which a defendant adequately raised arguments for purposes of a direct appeal but the Tenth Circuit left those arguments unaddressed. The only arguments which were referenced by Mr. Springer in his appeal briefs but which the Tenth Circuit did not separately dispose of on their merits were arguments raised so inadequately that, in effect, they were not raised at all for purposes of the appeal. The result is that the grounds which Mr. Springer argues he raised but the Tenth Circuit did not address are barred *not* because they were raised and resolved, but because they could have been effectively raised in the appeal but were not. In this situation, Mr. Springer's complaint that the government has failed to show where each ground for relief was resolved in the direct appeal does not save any of his claims.

B. Mr. Springer's Attempt to Save Issues

Which Were Not Raised In the Appeal

On Grounds that Such Issues "Evolved From"

United States v. Springer.

Mr. Springer also argues that certain grounds for § 2255 relief could not have been raised in his direct appeal because United States v. Springer had not yet been decided. He contends such grounds for relief "evolved" from the decision in United States v. Springer, or that he lacked prior notice regarding how the Tenth Circuit would explicate the law until United States v. Springer was decided. As a result, he contends he was misled or judicially entrapped, making him unable to raise such grounds for relief earlier. These types of arguments are made most noticeably with respect to Mr. Springer's grounds involving the Tenth Circuit's treatment of Form 1040. For example, he contends that until United States v. Springer was decided, he was not on notice that "Form 1040 was divorced from the Six Counts offense conduct so I was misled." Doc. no. 472, p. 78, ground 68.

The court rejects Mr. Springer's contention that such grounds are not barred in these § 2255 proceedings. Such grounds were either raised and resolved against Mr. Springer in the direct appeal (his contention that these grounds "evolved from" the substantive rulings in United States v. Springer suggests as much), or they could have been raised in the direct appeal. Furthermore, virtually all circuit decisions nudge the development of the law in one respect or another; Mr. Springer's argument, were it to be adopted, would subject all issues addressed in a direct appeal to potential redetermination in § 2255 proceedings. United States v. Springer does not change the law in a manner which would suggest that any re-examination of these grounds for relief should be undertaken in these § 2255 proceedings.

-5-

### C.  Jurisdictional Grounds for Relief.

Mr. Springer appears to argue that the court cannot dismiss any grounds which challenge the jurisdiction of the court.  He argues that jurisdiction is an issue which cannot be waived, and that jurisdiction may be raised in a collateral attack.

Many of Mr. Springer's jurisdictional arguments were raised and resolved in the direct appeal.  For example, to the extent that his § 2255 jurisdictional arguments arise out of his appellate challenge to the Internal Revenue Service's collection and enforcement authority, these types of "spurious delegation arguments" were determined to be frivolous in United States v. Springer.  *Id.* at 261.  The fact that jurisdictional grounds may be raised in a § 2255 proceeding does not mean that jurisdictional grounds previously determined in the appeal of the underlying criminal prosecution must be determined again in §2255 proceedings.   And there are no considerations in this case which suggest it would be necessary or appropriate to reconsider any previously rejected jurisdictional arguments. *Cf.*, Tooisgah v. United States, 186 F.2d 93, 96 (10th Cir. 1950) (motion involved no new facts, involved a possible conflict between state and federal jurisdiction, involved human liberties, and the issue had not been presented or painstakingly considered in the direct appeal).

As for Mr. Springer's jurisdictional grounds which were not resolved in the direct appeal, all such grounds could have been raised (or adequately raised) in the appeal and they are now barred for this reason.  An example of one such jurisdictional argument is that President Obama is not entitled to serve as President.  Based on this premise, Mr. Springer argues that government officials cannot enforce the laws against him.  Arguments regarding the President's law enforcement authority could have been made in the direct appeal, although the argument is patently frivolous.

On that last point – frivolousness –  the court also finds that Mr. Springer's jurisdictional grounds for relief are so lacking in merit that as an alternative to

-6-

dismissal, they should be denied on their merits even at this first stage. Although the court has previously reserved merits arguments for the second stage, the court takes this step, at this time, for several reasons. First, it would be a waste of the parties' and the courts' time and resources to entertain these grounds further or to dignify them by according them further treatment. Second, the Tenth Circuit previously denied Mr. Springer's request for mandamus relief, stating that Mr. Springer had an adequate alternative remedy because his § 2255 motion (the instant motion) was then pending, in which he had raised the same jurisdictional arguments. *See*, Appellate Case Number 13-5113, doc. no. 01019126981. Third, there is always the possibility that a reviewing court may determine that certain jurisdictional arguments should not have been dismissed as procedurally barred. For all of these reasons, this court wishes to leave no doubt that it has considered Mr. Springer's jurisdictional grounds for relief on their merits.

Mr. Springer's jurisdictional arguments which are dismissed as procedurally barred and which are alternatively denied on their merits, include the following.

– Arguments that only the Secretary of the Treasury or the Treasury Department have jurisdiction over matters pertinent to Mr. Springer's prosecution.

– Challenges to the authority of the grand jury including issues regarding the nature or scope of, or limitations on, the Justice Department's referral to the grand jury.

– Challenges to the authority or jurisdiction of the United States Attorney or any Assistant (or any Acting or Special Assistant) United States Attorneys involved in this prosecution including Mr. Springer's arguments that without a properly appointed United States Attorney there can be no properly appointed assistants.

– Challenges to the judicial authority of the federal courts, including challenges to federal judicial power over the crime of evasion of payment of taxes, and including

challenges to the judicial authority of the United States District Court for the Northern District of Oklahoma.

— Challenges to the authority and jurisdiction of Magistrate Judge McCarthy, or to the authority and jurisdiction of Judges Eagan, Kern or Friot.

— Arguments that the court has no authority to order restitution.

— Arguments that the federal government has no authority over these matters because such powers are not within the enumerated powers of the national government.

— Arguments that Mr. Springer's prosecution was unlawful because President Obama is ineligible to hold office.

— Any grounds for relief arguably not resolved in the direct appeal which are premised on the contention that the Internal Revenue Service and its agents, employees and officials had no authority in matters pertinent to Mr. Springer's criminal prosecution, including arguments premised on the abolition of internal revenue districts or district director offices, and arguments that the IRS had no person authorized to make ministry audits.

D.  Other Objections to Dismissal Raised by Mr. Springer.

Whether or not expressly addressed in this order, all other issues raised by Mr. Springer in his first-stage briefing papers have been carefully considered by the court.

III.  The Dismissed Grounds and the Surviving Grounds

A.  Grounds Raised and Disposed of on Appeal.

Grounds barred because they are fairly encompassed within the issues raised and disposed of in Mr. Springer's direct appeal include the following grounds for relief raised in Mr. Springer's § 2255 motion.

— Grounds based on or arising out of Mr. Springer's challenge to the Internal Revenue Service's collection and enforcement authority, addressed at <u>United States v. Springer</u>, 444 Fed. Appx. 256, 260-61.

— Grounds based on Mr. Springer's Form 1040-related arguments, such as arguments that he would have proceeded differently in district court if he had known that the Tenth Circuit was (in his words) going to hold that Form 1040 was "divorced" from the offense conduct, addressed in the Tenth Circuit's discussion of the Paperwork Reduction Act. *Id.* at 261-62. These grounds include those in which Mr. Springer alleges "judicial entrapment by estoppel" as a result of the Tenth Circuit's discussion of Form 1040.

— Grounds related to the suppression of evidence obtained after the case was transferred to the Department of Justice for criminal investigation. *See, id.* at 262.

— Grounds based on the trial court's handling of "gift" and "income" in the jury instructions. *See, id.* at 263.

— Grounds based on Mr. Springer's claim that he did not knowingly, intelligently and voluntarily waive trial counsel. *See, id.* at 264.

— Grounds relating to the reasonableness of his sentence. *See, id.* at 264-65.

— Grounds relating to the manner in which the court calculated the tax loss, including arguments concerning which years should or should not have been included in those calculations. *See, id.* at 265.

— Other arguments raised by Mr. Springer in appeal no. 11-503 in support of the suppression issue, rejected by the Tenth Circuit for substantially the same reasons as those articulated by the district court. *See, id.* at 267.

B. <u>Grounds Which Could Have Been Raised</u>

<u>In the Appeal But Were Not.</u>

This second category of barred grounds – grounds which could have been raised in the appeal but were not raised in the appeal – includes all other grounds raised by Mr. Springer in support of § 2255 relief, except grounds listed below as "surviving grounds." This second category of barred grounds also includes any grounds covered in the preceding section A, which Mr. Springer might contend are not a close enough fit to be considered resolved in the direct appeal.

C. <u>Duplicative Grounds.</u>

This order also dismisses grounds, or parts of grounds, which are merely duplicative of other grounds for relief. (Numerous grounds are duplicative in part and ground 76, for example, is entirely duplicative.)

D. <u>Identification of Dismissed Grounds.</u>

Eliminating all grounds for relief which fall into one or more of categories A, B or C above, leaves the grounds which are identified below in section E as "surviving grounds." All other grounds for relief described in Mr. Springer's § 2255 motion are hereby **DISMISSED** for the reasons previously stated.

E. <u>Identification of Surviving Grounds.</u>

The following grounds for § 2255 relief survive this order for consideration at the second stage of these proceedings.

– Ground 49 to the extent that it challenges the Tenth Circuit's page limitation on Mr. Springer's appellate briefing.

– Ground 50 to the extent that it challenges the undersigned's refusal to permit an extension of the page limitation applicable to Mr. Springer's memorandum brief filed in support of his § 2255 motion.[4]

– Ground 66 to the extent that it argues the cumulative effect of other meritorious grounds entitles Mr. Springer to relief under § 2255.[5]

– Ground 73 to the extent that it challenges the one-year window of time within which to seek relief under § 2255 as "not enough time to ascertain all the jurisdictional, and non-jurisdictional grounds, that warrant relief." Doc. no. 472, p. 83.

– To the extent that Mr. Springer asserts ineffective assistance of his appellate counsel, that particular aspect of each such ground survives. The parties do not always agree regarding in which grounds Mr. Springer alleges ineffective assistance of appellate counsel.[6] Therefore, to avoid any confusion at the second stage, the court finds that ineffective assistance of appellate counsel is alleged in only the following grounds: grounds 1 - 14, 28-30, 32-37, 39, 41-44, 46, 48-49, 51, 53-67 and 75. The listed grounds include Mr. Springer's arguments that the Tenth Circuit should have

---

[4]Ground 50 also challenges the Tenth Circuit's page limitation but it is, to that extent, duplicative.

[5]Ground 66 also restates grounds 1 through 75, and argues that the district court and appellate process was fundamentally unfair, but these arguments are duplicative of other grounds. Mr. Springer's cumulative effect argument is not, strictly speaking, a duplicative argument. Moreover, the cumulative effect cannot be addressed until the court determines which, if any, of the surviving grounds have merit, after which it can consider the cumulative effect of all meritorious grounds.

[6]For example, the court notes Mr. Springer's argument within ground number 49, that "I claim for purpose of this Ground that all the Grounds raised 1 through 76 are Grounds that either should have been raised or were not evolved yet due to the Tenth Circuit's decision changing so many issues below." Doc. no. 472, p. 59. These types of conclusory arguments are insufficient and do not expand Mr. Springer's ineffective assistance of appellate counsel arguments to all 76 grounds.

appointed new appellate counsel after his counsel was suspended, and that the Tenth Circuit should have started the appellate process over at that point.

## IV. The Second Stage.

Within sixty days of the date of this order the government shall file its response brief addressing the merits of the surviving grounds. Mr. Springer shall file his reply brief within sixty days of the government's filing of its response brief.

Primarily to give Mr. Springer as much early notice as possible, the court now advises that it is highly unlikely to permit briefs with more than 25 pages of text.[7]

Lastly, the parties are advised that although this order sets out the court's determinations regarding which claims survive to the second stage, it is not a final, appealable order. At the end of the second stage, the court will enter a judgment.

Dated this 4th day of March, 2014.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0043p116.wpd

---

[7]Although the court allowed Mr. Springer to file a lengthy reply brief at the first stage, a smaller number of issues now remain. Also, Mr. Springer's lengthy filings have unnecessarily multiplied these proceedings. For example, although the court permitted Mr. Springer to file a sixty-page reply brief in the first stage, that brief, including the appendix, totaled 176 pages, much of which was duplicative or frivolous.