In The United States District Court
For The Western District of Texas
El Paso Division

FILED
2014 APR 21 PM 2:51
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY MC DEPUTY

Lindsey Kent Springer
Reg. No. 02580-063

Petitioner

v.

EP-14-CV-115-PRM

Rachel Chapa, Warden

Respondent.

# Motion To Reconsider

Lindsey Kent Springer ("Petitioner") moves this Honorable Court, pursuant to Federal Rules of Civil Procedure Rule 59(e), and its inherent power to reconsider, to reconsider the Findings of Facts in its dismissal order dated April 10, 2014, as well as its conclusions of law, Doc 2, and issue an order to show cause, or otherwise respond, to Respondent, and provide time For Petitioner to File Reply, or simply order Petitioner released.

## Background.

On March 10, 2009 Petitioner was indicted by a Federal Grand Jury in the United States District Court For the Northern District of Oklahoma. Doc 2, note 5.

Although it is true Petitioner is under a civil

injunction by the Tenth Circuit from proceeding on appeal pro-se, or in an original action such as mandamus, see Springer v. IRS, 231 Fed. Appx 793, 802-804 (10th Cir. 2007), Doc 2, pg 2, note 7, the Tenth Circuit has since granted Petitioner such permission in several cases. See Springer v. CIR, 580 F.3d 1142, 1146-47 (10th Cir. 2009) (finding Commissioner of Internal Revenue made frivolous arguments); U.S.A v. Springer, 447 Fed Appx 877 (10th Cir. 2011) (reversed); U.S.A. v. Springer, 13-5062 (6.20.13); In Re Lindsey Kent Springer, 13-5113 (original action); and U.S.A. v. Springer, 14-5012 (4.7.14).

As far as suing employees of the Federal government is concerned, Petitioner maintained for Appx. 42 months a civil action in Springer v. Horn, et al, 06-CV-156 (N.D. OK), on the theft of $2,000 against Eleven IRS Special Agents conducting a September 16, 2005 IRS search after a June 3, 2005 institutional referral for grand jury investigation in clear violation of U.S. v. LaSalle, 437 U.S 298, 308-317 (1978), but ultimately lost (so far) where on interlocutory appeal, for denial of qualified immunity, the Tenth Circuit reversed finding IRS agents had no notice they could be held liable for a theft during a search under the Fourth Amendment. See Springer v. Albin, 398 Fed Appx 427 (10th Cir 2010).

While Petitioner spent 37 months at FCI Big Spring Petitioner had no problems with BOP and has had no

problems at FSL LaTuna and will do everything in his power to continue with that policy.

On March 31, 2009, after Honorable district judge James H. Payne recused, then Northern District of Oklahoma Chief Judge Claire V. Eagan entered a minute order, in 09-CR-043, assigning Western District of Oklahoma district judge, Honorable Stephen P. Friot, Doc 2, n.8

As of March 31, 2009, the Tenth Circuit Chief Judge was Honorable Robert H. Henry.

On March 11, 2013 Petitioner Filed request For release and relief pursuant to 28 U.S.C § 2255 in the Northern District of Oklahoma involving Western District Stephen P. Friot's orders and April 28, 2010 judgment entered in 09-CR-043. Doc 1

Once again, on March 11, 2013, Western District Judge Stephen P. Friot was assigned to Petitioner's § 2255 application filed in the Northern District.

1. This Court's Finding Honorable Northern District Chief Judge Claire V. Eagan is, on March 31, 2009, Chief Judge of the Tenth Circuit, is clearly erroneous.

Petitioner takes no objection to this court's Finding Honorable Claire V. Eagan, as "Chief Judge," assigned Western District judge Stephen P. Friot on March 31, 2009, to 09-CR-043. Doc; 2, pg 3, note 8.

However, the court is clearly in error in finding:

"On March 31, 2009, the Chief Judge for the Tenth Circuit Court of Appeals reassigned Springer's criminal case to a judge from the Western District of Oklahoma, United States District Judge Stephen P. Friot."

Doc 2, pg 3

Honorable Claire V. Eagan is not, nor has ever been, the Chief Judge for the Tenth Circuit. See Hill v. Kemp 645 F. Supp. 2d 992 (N.D. OK)(2009)(issued by Claire V. Eagan, Chief Judge).

Therefore, the paragraph quoted above would need read:

"On March 31, 2009, the Chief Judge for the Northern District of Oklahoma reassigned Springer's criminal case to a judge from the Western District of Oklahoma, United States District Judge Stephen P. Friot."

Once this correction is made by the court the relief Petitioner seeks must be granted.

2. 28 U.S.C. § 292(b) clearly and unambiguously only authorizes a sitting Chief Judge of a Circuit to designate and assign an Article III, § 1 and 28 U.S.C. §§ 133(a) and 134(a) district judge to hold a district court office in another judicial district case

Petitioner agrees with the court that 28 U.S.C. § 292(b) states:

"The chief judge of a Circuit may, in the public interest, designate and assign temporarily any district judge of the Circuit to hold a district court in any district within the Circuit."

Doc 2, pg. 3, note 8

However, as demonstrated above, Honorable Claire V. Eagan was not ever Chief Judge For the Tenth Circuit.

This Court can easily Find the March 31, 2009 assignment by Honorable Claire V. Eagan of Western District, Honorable Stephen P. Friot, to 09-CR-043, or his subsequent assignment to Petitioner's application by motion on March 11, 2013, pursuant to 28 U.S.C. § 2255, by current Northern District of Oklahoma Chief Judge, Honorable Gregory K. Frizzell, could never be by them pursuant to 28 U.S.C § 292(b).

3. Petitioner has claimed in his application by motion 76 grounds For Release or Relief.

Petitioner clearly has pending an application by motion, pursuant to 28 USC § 2255, pending in the Northern District of Oklahoma. Doc. 2, pg. 4, note 12. (Citing Doc. 472 in 09-CR-043)

4. Petitioner is not raising the savings Clause to attack a Federal Sentence.

Although it would appear in the near future Petitioner may bring a Petition attacking his conviction and sentence where § 2255 is currently proving to be very inadequate, and very ineffective, but at this point Petitioner is only attacking Stephen P. Friot's

Constitutional and Statutory authority to sign any order and Judgment duly pending or filed in the Northern District of Oklahoma.

Petitioner is solely claiming his imprisonment, based upon a Judgment dated April 28, 2010, is Coram Non Judice being signed by Western District Judge Stephen P. Frit.

Petitioner is requesting this Court find the Judgment relied upon by Respondent be ruled void where it is clear the signor, Stephen P. Friot, is not authorized by Article III, §1, and 28 U.S.C §§ 133(a) and 134(a), to hold an Article III, §1 and 28 U.S.C §§ 133(a) and 134(a) district judge office in the Northern District of Oklahoma at all relevant times.

4. This Court clearly has judicial power and jurisdiction to render the Judgment Respondent relies upon, to hold Petitioner is Coram Non Judice and void.

Petitioner alleged in his Petition, and attached orders showing this Court § 2255 "is inadequate or ineffective to test the legality of his detention."

Petitioner claims § 2255 is both inadequate and ineffective to test anything where it is currently is presided over by a man not a judge.

Having Found Stephen P. Friot was assigned

by Claire V. Eagan on March 31, 2009, which is correct, as she clearly entered a Text order in 09-CR-043, and now having clear evidence that Claire V. Eagan was not the Chief Judge of the Tenth Circuit, on March 31, 2009, For purpose of applying 28 U.S.C § 292(b), the procedure for this Court to follow is 28 U.S.C § 2241 in issuing the Writ For Petitioner to be immediately released.

"Power to issue the writ of habeas corpus, 'the most celebrated writ in the English law,' was granted to the Federal Courts in the Judiciary Act of 1789, 1 Stat 73, 81-82, Since Congress had not defined the term 'habeas corpus,' resort to the common law was necessary." U.S. v. Hayman, 342 U.S. 205, 211 (1952).

"[a] prisoner in custody pursuant to the Final judgment of a... court of criminal jurisdiction may have a judicial inquiry in a Court of the United States into the very truth and substance of the causes of his detention, although it may become necessary to look behind and beyond the record of his conviction to a sufficient extent to test the jurisdiction of the ...court to proceed to judgment against him." Id citing Johnson v. Zerbst, 304 U.S. 458, 465-467 (1938)

Petitioner is challenging the signature on the April 28, 2010 Judgment as being coram non judice. Petitioner is not challenging anything else,

Certainly, this court's Factual conclusion that Claire V. Eagan, on March 31, 2009, was the Tenth Circuit's Chief Judge was clear error. See U.S. v. Orduna-Martinez, 561 F.3d 1134, 1135 (10th Cir. 2009) (dated April 3, 2009) authored by "Henry, Chief Judge."

Since Claire V. Eagan clearly assigned Stephen P. Friot on March 31, 2009, and that 28 U.S.C § 292(b) requires assignment to a case by a Chief Judge of a Circuit, Stephen P. Friot is not authorized by Claire V. Eagan's re-assignment to preside in the Northern District of Oklahoma in 09-CR-043 or 13-CV-145, and renders the Judgment Respondent is using to imprison Petitioner coram non judice and void.

"[P]ersonal liberty is of so great moment in the eyes of the law that the judgment of an inferior court affecting it is not deemed so conclusive but that, as we have seen, the question of the Court's authority to try and imprison the party may be reviewed on habeas corpus, by a Superior Court or judge having authority to award the writ." Ex Parte Siebold, 100 U.S. 371, 377 (1880).

"If the commitment be against law, as being made by one who had no jurisdiction of the cause. ... the court are to discharge." Id at 376.

"[T]here can be no officer, either dejure or

defacto, if there be no office to fill." Norton v. Shelby County, 118 U.S. 425, 441 (1886) "Where no office legally exists, the pretended officer is merely a usurper, to whose acts no validity can be attached." Id at 449. "Of course, there can be no incumbent defacto of an office if there be no office to fill." U.S. v. Royer, 268 U.S. 394, 397 (1925) ! citing Norton, 118 U.S. at 441

"[F]ederal Courts are Courts of limited jurisdiction and require both Constitutional and Statutory authority in order to adjudicate a case..." Steel Co. v. Citizens For Better Env'T, 523 U.S 83, 94-95 (1998)

"[O]riginally, criminal defendants whose convictions were final were entitled to Federal habeas relief only if the Court that rendered the judgment under which they were in custody lacked jurisdiction to do so." Danforth v. Minnesota, 552 U.S ___, ___ 128 S.CT 1029, 1036 (2008)

"[C]ourts created by statute can have no jurisdiction but such as the statute confers." Sheldon v. Sili, 494 U.S. 441, 449 (1850)

"[h]abeas corpus...must retain the ability to cut through barriers of form and procedural mazes ... to insure that miscarriage of justice within its reach are surfaced and corrected." Hensly v. Municiple

CT, 411 U.S. 345, 350 (1973)

The nature of the Writ of habeas corpus that cannot be suspended must be defined by the common law writ that was available at the time of the Founding. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law.")

All of Stephen P. Friot's orders issued in 09-CR-043, and 13-CV-145, including his April 28, 2010 judgment that Respondent relies upon to imprison Petitioner, are coram non judice. See Burnham v. Superior CT of Cal., 495 U.S. 604, 608 (1990)

Conclusion

Petitioner respectfully requests this court withdraw, or recall, its order and judgment dated April 10, 2014, Doc 2, 3, and Find Claire V. Eagan, who assigned Stephen P. Friot to 09-CR-043 on March 31, 2009, was not the Chief Judge of the Tenth Circuit, ever, and pursuant to 28 U.S.C § 292(b), Find Stephen P. Friot is not authorized by Article III, § 1 and 28 U.S.C. §§ 133(a) and 134(a) to hold one of the three (3) district judge offices established by Congress For the Northern District of Oklahoma,

that the April 28, 2010 Northern District of Oklahoma judgment signed by a Western District of Oklahoma district judge is coram non judice, and void, and order Petitioner's immediate release from the unlawful imprisonment based upon the void April 28, 2010 judgment, all pursuant to 28 U.S.C § 2241.

This court clearly has judicial power and authority to address the authority of Stephen P. Friot to sign a Northern District of Oklahoma Judgment and to release Petitioner from custody of Respondent upon finding the April 28, 2010 Judgment is coram non judice.

Respectfully
[signature]
Reg # 02580-063
Federal Satellite Low-La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

Certificate of Service

I hereby certify that on April 17, 2014 I mailed First Class the above Rule 59(e) motion, or to reconsider, to the Clerk of Court, 525 Magoffin Ave., Room 105, El Paso, Texas 79901.

Lindsey K Springer
Server

Declaration of Mailing

I declare under penalty of perjury, pursuant to 28 USC § 1746(1), under the laws of the United States of America, that on April 17, 2014 I deposited the above motion in the U.S. Mailbox located inside FSL La Tuna addressed as described above.

Lindsey K Springer
declarant

Lindsey Kent Springer
Reg # 02580-063
Federal Satellite Low - La Tuna
P.O. Box 6000
Anthony, New Mexico 88021

RECEIVED

APR 21 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY

⇔02580-063⇔
Clerks Of Court
Room 105
525 Magoffin AVE
EL PASO, TX 79901
United States

"Legal Mail"




RECEIVED

APR 21 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________ DEPUTY