# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **LINDSEY KENT SPRINGER,** | § | |
| **Reg. No. 02580-063,** | § | |
| **Petitioner,** | § | |
| | § | **EP-14-CV-115-PRM** |
| **v.** | § | |
| | § | |
| **RACHEL CHAPA, Warden,** | § | |
| **Respondent.** | § | |

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO RECONSIDER

In a pro se "Motion to Reconsider" (ECF No. 6) pursuant to Federal Rule of Civil Procedure 59, filed on April 21, 2014, Petitioner Lindsey Kent Springer ("Springer") asks the Court to revisit its "Dismissal Order" (ECF No. 2), which dismissed without prejudice his "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," and order Respondent Rachel Chapa ("Chapa") to respond to his petition "or simply order [him] released."[1]  Springer notes that the Court erred when it identified United States District Judge Claire V. Egan ("District Judge Egan") as the Chief Judge for the Tenth Circuit Court of

---

[1] Mot. Reconsider 1, Apr. 21, 2014, ECF No. 6.

Appeals.[2]  Further, he argues that District Judge Egan, as the Chief Judge for the Northern District of Oklahoma, did not have the authority under 28 U.S.C. § 292(b) to reassign his criminal case to United States District Judge Stephen P. Friot ("District Judge Friot") from the Western District of Oklahoma.[3]  For the reasons discussed below, however, the Court finds that the factual error in its order is of no consequence and will not change the Court's conclusion that Springer's petition does not meet the criteria for obtaining § 2241 relief.

"Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'"[4]  It does not exist to give a movant a "second bite at the apple,"[5] nor does it "enable a party to

---

[2] *Id.* 3–4.

[3] *Id.* 4–5; *see* Minute Order by Court Clerk at the direction of Chief Judge Claire V. Eagan, reassigning case to Judge Stephen P Friot, *United States v. Springer*, No. 4:09-CR-43-SPF (N.D. Okla. Mar. 31, 2009), ECF No. 24; *see also* 28 U.S.C. § 292(b) (2006) ("The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit.").

[4] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

[5] *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for re-litigating old

complete presenting his case after the court has ruled against him."[6]  It does, however, allow a party to "'call[ ] into question the correctness of a judgment.'"[7]  Accordingly, Rule 59(e) permits a court to alter or amend a judgment due to (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or prevent a manifest injustice.[8]  In other words, "[a] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"[9]  A district court has great discretion when

---

issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'—and we in no way depart from that basic principle.").

[6] *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

[7] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d at 581).

[8] *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[9] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

considering whether or not to approve a Rule 59(e) motion.[10]

According to 28 U.S.C. § 292(b), "[t]he chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." In an order dated December 30, 2008, Chief Judge Robert H. Henry of the Tenth Circuit Court of Appeals designated and assigned District Judge Friot from the Western District of Oklahoma to hold court in the Northern District of Oklahoma from January 1, 2009, through December 31, 2009.[11]

According to Tenth Circuit precedent, a district judge "has discretion in managing court business," derived from 28 U.S.C. § 137 and Federal Rule of Criminal Procedure 57(b), to transfer a case to another district court:[12]

---

[10] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

[11] *See* United States' Consolidated Resp. to Defs.' Pretrial Mots., Attach. A (Designation of District Judges for Service in Other Districts Within the Tenth Circuit, Robert H. Henry, Chief Judge, Dec. 30, 2008), *United States v. Springer*, No. 4:09-CR-43-SPF (N.D. Okla. Apr. 16, 2009), ECF No. 42-1.

[12] *United States v. Diaz*, 189 F.3d 1239, 1244 (10th Cir. 1999).

-4-

> [W]e agree with the Fifth Circuit that: "[d]istrict judges may by *rule*, *order or consent* transfer cases between themselves. . . . Each judge of a multi-district court has the same power and authority as each other judge. . . . Moreover, the District Judges have the inherent power to transfer cases from one another for the expeditious administration of justice."[13]

"Further, nothing in [Northern District of Oklahoma] Local Rule 40.1, which deals with the initial assignment of cases to judges in the district, proscribes or limits the traditional discretionary power of intra-district transfer."[14]  Thus, the Court finds that on March 31, 2009, District Judge Egan properly reassigned Springer's criminal case to District Judge Friot.[15]  Moreover, the Court notes that Springer has not alleged that the reassignment resulted in any constitutionally cognizable prejudice.[16]

Furthermore, the Court notes that it did not dismiss Springer's

---

[13] *Id.* (emphasis added) (quoting *United States v. Martinez*, 686 F.2d 334, 338 (5th Cir. 1982)).

[14] *Hutchinson v. Pfeil*, 211 F.3d 515, 523 (10th Cir. 2000).

[15] *See* Minute Order by Court Clerk at the direction of Chief Judge Claire V. Eagan, reassigning case to Judge Stephen P Friot, March 31, 2009, ECF No. 24, *United States v. Springer*, No. 4:09-CR-43-SPF (N.D. Okla.).

[16] *Diaz*, 189 F.3d at 1244–45.

petition based on its factual error.  It dismissed Springer's petition

because it concluded that his claims did not meet the criteria for § 2241

relief pursuant to Fifth Circuit precedent.

In its order dismissing Springer's petition, the Court explains that

"[a] section 2241 petition for habeas corpus on behalf of a sentenced

prisoner attacks the manner in which his sentence is carried out or the

prison authorities' determination of its duration."[17]  By contrast, a

motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C.

§ 2255 "'provides the primary means of collateral attack on a federal

sentence.'"[18]  The Court adds that § 2255 contains a "savings clause"

that acts as a limited exception to these rules.  The savings clause

provides that a court may entertain a petition for writ of habeas corpus

challenging a federal criminal conviction if it concludes that a § 2255

motion is inadequate to challenge a prisoner's detention.[19]  The Court

---

[17] Dismissal Order 4, Apr. 10, 2014, ECF No. 2 (quoting *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted)).

[18] *Id.* 5 (quoting *Pack*, 218 F.3d at 451).

[19] *Id.* (citing 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court

also explains that under Fifth Circuit precedent, a petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:[20]

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[21]

In his petition, Springer does not identify a Supreme Court decision with retroactive effect, claim that he was convicted of a nonexistent offense, or assert that his claim was precluded by established circuit law at the time of his trial, appeal, or first § 2255 motion.  Thus, it appears from Springer's petition that he does not meet

---

which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.") (emphasis added)).

[20] *Id.* 6.

[21] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

the criteria for relief under the "savings clause"[22] and that the Court therefore lacks the jurisdiction necessary to address his claims.

Finally, "'a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'"[23]  Although the Court made a factual error, the error was of no consequence to the Court's conclusion that Springer was not entitled to relief.  Thus, Springer has not shown a need to prevent a manifest injustice in his instant motion.

The Court, therefore, **GRANTS** Springer's "Motion to Reconsider" (ECF No. 6) and amends its "Dismissal Order" (ECF No. 2) to the extent that it now finds that District Judge Egan properly reassigned Springer's criminal case to District Judge Friot in accordance with the applicable laws, Tenth Circuit orders, and rules of procedure.  The Court **DENIES** any and all other relief not specifically granted in this

---

[22] *Pack*, 218 F.3d at 452.

[23] *Alvarado v. Texas Rangers*, EP-03-CA-0305-FM, 2005 WL 1420846, at *3 (W.D. Tex. Jun 14, 2005) (quoting *Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)).

order.

      **SIGNED** this __1st__ day of ___May_____, **2014**.


_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**