# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT



United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2015

Lyle W. Cayce
Clerk

No. 14-50561
Summary Calendar

D.C. Docket No. 3:14-CV-115

LINDSEY KENT SPRINGER,

      Petitioner - Appellant

v.

RACHEL CHAPA, Warden, FCI La Tuna,

      Respondent - Appellee

Appeal from the United States District Court for the
Western District of Texas, El Paso

Before STEWART, Chief Judge, and PRADO, and HAYNES, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 14-50561
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2015

Lyle W. Cayce
Clerk

LINDSEY KENT SPRINGER,

Petitioner-Appellant

v.

RACHEL CHAPA, Warden, FCI La Tuna,

Respondent-Appellee

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-115

_____

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lindsey Kent Springer, federal prisoner # 02580-063, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for habeas corpus relief. Springer challenged the authority of District Court Judge Stephen Friot to preside over his case because the judge was hearing cases on a temporary basis in the Northern District of Oklahoma, pursuant to an order by the Tenth Circuit Court of Appeals. The district court denied relief, concluding that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50561

Springer failed to meet the requirements of the savings clause under 28 U.S.C. § 2255, which allows a federal prisoner to challenge his conviction under § 2241 if the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention." When addressing the denial of a § 2241 petition, we review the district court's factual findings for clear error and its conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

A petitioner seeking to establish that his § 2255 remedy was inadequate or ineffective must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" that (ii) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Because Springer again challenges only the authority of Judge Friot and his temporary assignment in the Northern District of Oklahoma, he has failed to make the showing required by *Reyes-Requena*. *See Reyes-Requena*, 243 F.3d at 904. Moreover, he has not shown any error in Judge Friot's temporary assignment by the Tenth Circuit Court of Appeals to preside over cases in another district. *See* 28 U.S.C. § 292(b).

The judgment of the district court is AFFIRMED.

2

# *United States Court of Appeals*

### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

August 26, 2015

Ms. Jeannette Clack
Western District of Texas, El Paso
United States District Court
525 Magoffin Avenue
Room 108
El Paso, TX 79901-0000

     No. 14-50561   Lindsey Springer v. Rachel Chapa
     USDC No. 3:14-CV-115

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

              Sincerely,

              LYLE W. CAYCE, Clerk

              By: _____
              Nancy F. Dolly, Deputy Clerk
              504-310-7683

cc:
   Mr. Lindsey Kent Springer